Thomas W. Lockhart and Joey E. Lockhart v. Commissioner. Marvin J. Adams v. Commissioner. Ouida K. Whitehorn (formerly Ouida K. Adams) v. Commissioner.
Lockhart v. Commissioner
Docket Nos. 83272, 83365, 83366.
United States Tax Court
T.C. Memo 1960-195; 1960 Tax Ct. Memo LEXIS 96; 19 T.C.M. (CCH) 1012; T.C.M. (RIA) 60195; September 21, 1960
*96 Joey E. Lockhart, pro se, 3900 N.W. 62nd Street, Oklahoma City, Okla. Donald K. Groom, Esq., for Marvin J. Adams and Ouida K. Whitehorn. Harold D. Rogers, Esq., for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: The Commissioner has determined deficiencies in the income tax of the petitioners as follows for the indicated years: Docket
Defi-
Petitioner
No.
Year
ciency
Thomas W. Lockhart
and Joey E. Lock-
hart
83272
1955
$240.00
1956
240.00
1957
239.99
Marvin J. Adams
83365
1955
240.00
1956
259.62
1957
243.89
Ouida K. Whitehorn
83366
1955
240.00
1956
259.62
1957
243.89
The deficiencies determined against Ouida K. Whitehorn are identical with those determined against Marvin J. Adams and have been determined against her because she was his wife during 1955, 1956, and 1957 and executed joint income tax returns with him for those years. The single question presented for determination is whether Thomas W. Lockhart and Joey E. Lockhart or Marvin J. Adams and Ouida K. Whitehorn furnished more than one-half of the support of Kathryn Adams and Stephen Adams for *97 1955, 1956, and 1957. Findings of Fact Some of the facts have been stipulated and are found accordingly. Thomas W. Lockhart, sometimes hereinafter referred to as Thomas, and Joey E. Lockhart, sometimes hereinafter referred to as Joey, reside in Oklahoma City, Oklahoma. They filed joint income tax returns for 1955, 1956, and 1957. The returns for 1955 and 1957 were filed with the district director in Oklahoma City and the return for 1956 was filed with the district director in Wichita, Kansas. Marvin J. Adams, sometimes hereinafter referred to as Marvin, resides in Dallas, Texas. Ouida K. Whitehorn, sometimes hereinafter referred to as Ouida, resides in Oklahoma City, Oklahoma. For the years 1955, 1956, and 1957, they filed joint income tax returns with the district director in Oklahoma City. Marvin and Joey were divorced in February 1954. Custody of their two children, Kathryn and Stephen, ages 7 years and one year, respectively, was awarded to Joey. The divorce decree ordered Marvin to pay Joey $45 per month for each child. Joey and Thomas were married on July 13, 1955, and in their income tax return for each of the years 1955, 1956, and 1957 they deducted $1,200 as personal *98 exemptions for Kathryn and Stephen. Marvin and Ouida were married in August 1955. Subsequent to 1957 they were divorced. Ouida has remarried and is now known as Ouida K. Whitehorn. Although about the time of their divorce, Joey informed Marvin that she was taking in her income tax returns deductions for the personal exemptions for Kathryn and Stephen, Marvin and Ouida in their income tax return for each of the years 1955, 1956, and 1957 also deducted $1,200 as personal exemptions for them. In addition to showing on their income tax returns for the years 1955 through 1957 the names of Kathryn and Stephen as their children who qualified as dependents, Marvin and Ouida also showed "Henry" (not otherwise identified or described in the record) as a child of theirs who qualified as a dependent and took a deduction of $600 for each of the years for personal exemption for him. Apparently after the marriage of Marvin and Ouida, they and Henry comprised their family. During 1955, 1956, and 1957, Marvin was employed as a traveling salesman by Sherwin Williams Company and Ouida was employed as an office clerk by Tinker Air Force Base. The following is a statement of the compensation of Marvin *99 and Ouida, their total taxable net income prior to deduction for personal exemptions, the amount of their Federal income tax and remaining net income after deduction of Federal income tax as disclosed by their income tax returns for the indicated taxable years: 1955
1956
1957
Compensation: Sherwin Williams
Company
$4,640.25
$5,992.61
$5,440.85
Tinker Air Force
Base
3,219.70
3,167.57
3,337.68
Total taxable net
income
5,342.07
6,502.11
5,994.43
Federal income tax
468.41
700.42
598.88
Remaining net in-
come
4,873.66
5,801.69
5,395.55
Marvin usually traveled 5 days a week, Monday through Friday. Occasionally he was away from home only 4 days during the week and rarely was away as much as 6 days. In addition to his compensation from Sherwin Williams Company shown above, he received from that company the following amounts during 1955, 1956, and 1957 as reimbursement of his traveling expenses: 1955
1956
1957
Hotel, meals, and
miscellaneous ex-
penses
$1,491.68
$1,536.68
$1,537.36
Automobile ex-
pense
1,202.95
1,123.25
1,152.75
Following the marriage of Thomas and Joey and thereafter throughout 1957 *100 their family consisted of themselves, Kathryn and Stephen Adams, and Thomas' 3 children - Tommy, Douglas, and Deborah - ages 13, 11, and 8, respectively, in 1955. They resided in Oklahoma City, Oklahoma, until the latter part of September or the early part of October 1956 when they moved to Liberal, Kansas. About June or July 1957 they moved back to Oklahoma City and continued to reside there throughout the remainder of 1957. During 1955 and a portion of 1956 Thomas was employed as a long haul truck driver by Transcon Lines. During the remainder of 1956 and throughout 1957, he was employed as a mud engineer by various companies or other organizations. Throughout 1955 and until she moved to Liberal, Kansas, in 1956, Joey was employed as a secretary by Anderson-Prichard Oil Corporation. During a portion of 1955 she was a parttime real estate agent. After she moved back to Oklahoma City and beginning in July 1957 and continuing throughout the remainder of the year, she was employed as a secretary by Kerr-McGee Oil Industries. The following is a statement of the compensation of Thomas and Joey, their total taxable net income prior to deduction for personal exemptions, the amount of their *101 Federal income tax and remaining net income after deduction of Federal income tax as disclosed by their income tax returns for the indicated taxable years: 1955
1956
1957
Compensation: Transcon Lines
$8,256.30
$1,249.30
A. G. Meyers
Inv. Co. Inc.
241.50
Anderson-Prich-
ard Oil Corp.
4,126.63
3,352.01
Atlas Mud Co.
$4,612.10
$ 275.00
Drilmud Sales &
Service
2,337.50
Davis Mud Serv-
ice, Inc.
4,350.00
Mud Control
Lab.
505.10
Kerr-McGee Oil
Industries
1,536.48
Total taxable net
income
$6,977.49
5,798.04
6,959.98
Federal income tax
555.50
199.61
552.00
Remaining net in-
come
6,421.99
5,698.43
6,407.98
At the time of their marriage in July 1955 Thomas and Joey had total cash of between $1,000 and $1,500, approximately $1,000 of which they expended in 1955 for family living expense. After their marriage they obtained in 1955 for use for family living expenses a bank loan of an undisclosed amount and with respect to which repayments were at the rate of $127.50 a month for an undisclosed number of months. Early in 1958 Thomas and Joey borrowed $4,500 with which to pay indebtedness incurred in 1956 and 1957 *102 for an undisclosed purpose or purposes. In 1955 and following their marriage, Thomas and Joey purchased at undisclosed costs a house and carpeting therefor with respect to which monthly payments of undisclosed amounts were thereafter made. In 1955 and also following their marriage, they purchased a boat at a cost of $1,000 payable $50 a month. Five payments of $50 each were made in 1955. Throughout 1955 Joey made monthly payments of $43 each on an automobile she owned. At intervals during 1955, 1956, and 1957 Kathryn and Stephen spent with their father one or more days and on some occasions one or more weeks. Pursuant to the divorce decree Marvin paid directly to Joey for the support of Kathryn and Stephen during 1955, 1956, and 1957 the amounts of $1,080, $1,103.43, and $945, respectively. In addition Marvin from time to time during the years furnished for Kathryn and Stephen additional funds for medical expenses, clothing, and gifts. The following is a statement of the total approximate costs of the support of Kathryn and Stephen for the indicated years, together with the approximate amounts of such support furnished by Joey and Thomas and by Marvin and Ouida for the respective *103 years: 1955
1956
1957
Total cost of support
$3,650
$3,650
$3,740
Part contributed by Joey
and Thomas
2,200
2,000
2,200
Part contributed by Mar-
vin and Ouida
1,450
1,650
1,540
Joey and Thomas furnished more than one-half of the support of Kathryn and Stephen for each of the years 1955, 1956, and 1957. In determining the deficiencies here involved the respondent disallowed deductions of $1,200 taken by Thomas and Joey and by Marvin and Ouida for 1955, 1956, and 1957 as personal exemptions for Kathryn and Stephen for the respective years. Opinion Our findings of fact dispose of the single issue presented. Neither Joey and Thomas nor Marvin and Ouida kept a record of the amounts contributed to the support of Kathryn and Stephen for the years in question. Aside from the amounts paid pursuant to the divorce decree by Marvin directly to Joey for support of the children, which were stipulated, and some canceled checks which were placed in evidence, the record consists largely of conflicting estimates of expenditures and allocations thereof. Considering such estimates and allocations in connection with the remainder of the record we have concluded *104 and found as a fact that Joey and Thomas and Marvin and Ouida during the years in question contributed to the support of Kathryn and Stephen the approximate amounts set out in our findings. Joey and Thomas are therefore entitled to dependency exemptions for Kathryn and Stephen for the years at issue. Decisions will be entered under Rule 50.